IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DORIS M. BUTLER,                        §
                                        §
        Plaintiff,                      §
                                        §
v.                                      §        CIVIL ACTION NO. H-10-3613
                                        §
PROPERTY AND CASUALTY                   §
INSURANCE COMPANY OF HARTFORD,          §
PREMIER CATASTROPHE SERVICES,           §
INC., ANTOINETTE M. CANCELENO,          §
TRACEY LANORA KING, and EILEEN          §
DIANE PEREZ,                            §
                                        §
        Defendants.                     §

## ORDER

Pending is Defendant Property and Casualty Insurance Company of Hartford's ("Hartford") Motion to Compel Appraisal and Order (Document No. 16). After having reviewed the motion, response, and the applicable law, the Court concludes that the motion should be granted and the case abated.

Plaintiff does not dispute that her homeowners' insurance policy with Hartford (the "Policy") contains an appraisal provision under the header "**E. Appraisal,**" which reads as follows:

> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written

report of an agreement to us, the amount agreed upon will be the amount of loss.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will set the amount of loss.[1]

Nonetheless, Plaintiff argues: (1) that Hartford must first prove that it conducted an adequate investigation as a condition precedent to invoking appraisal[2] and (2) that even if appraisal is appropriate, the appraisal clause is permissive in nature and therefore does not require abatement of this action pending the outcome of the appraisal.[3]

---

[1] Document No. 16, ex. A at 26 [hereinafter "Policy"].

[2] *See* Document No. 18 at 1-2, 8-17.

[3] Id. at 17-23.  Plaintiff makes no cogent argument that Hartford waived its right to compel appraisal, but she mentions waiver multiple times in passing.  *See, e.g.*, id. at 3, 7, 20-21 n.60.  To the extent Plaintiff advances a waiver argument based upon delay of the demand for appraisal, it is unavailing.  To establish waiver of an appraisal clause, "a party must show that an impasse was reached, and that any failure to demand appraisal within a reasonable time prejudiced the opposing party."  In re Universal Underwriters of Tex. Ins. Co., --- S.W.3d ----, 2011 WL 1713278, at *6 (Tex. May 6, 2011).  Here, the last response from Hartford before Plaintiff filed suit was a request for Plaintiff to submit her estimates for needed repairs to Hartford.  There is no proof that she did so.  Even if she were able to show an impasse, however, she has made no showing of prejudice given that fact that under the Policy "either [party] may demand an appraisal of the loss."

> [I]t is difficult to see how prejudice could ever be shown when the policy, like the one here, gives both sides the same opportunity to demand appraisal.  If a party senses that impasse has been reached, it can avoid prejudice by demanding an appraisal itself.

Id. at *7.

2

Plaintiff's argument that an insurer must first prove an adequate investigation before invoking the appraisal clause has no foundation in the Appraisal clause itself, quoted above on page 2. Likewise, there is no language elsewhere in the Policy requiring the "condition precedent" that Plaintiff asks the Court to read into the Policy.  Plaintiff contrives her argument, however, from the Policy language stating Hartford's duties after a "Loss," as amended by the "Special Provisions - Texas" section:

a. No later than 15 days after we receive your written notice of claim, we must

   (1) Acknowledge receipt of the claim;

      If our acknowledgment of the claim is not in writing, we will keep a record of the date, means and content of our acknowledgment;

   (2) Begin any investigation of the claim;

   (3) Specify the information you must provide in accordance with Paragraph **B.1.** Your Duties After Loss above;

      We may request more information, if during the investigation of the claim such additional information is necessary.

b. After we receive the information we request, we must notify you in writing whether the claim will be paid or has been denied or whether more information is needed:

   (1) Within 15 "business days" . . .[4]

---

[4] Policy at 23-24 & "Special Provisions - Texas," Page 4 of 8.

Plaintiff asserts that this contractually places a duty upon Hartford to investigate her claim, which necessarily requires Hartford to comply with all applicable insurance laws regarding claims adjustment.[5]   Plaintiff then argues that after a Loss Hartford must fulfill its statutory obligations to investigate Plaintiff's claims as a condition precedent to invoking appraisal, and that the Court should deny Hartford's request for appraisal until it demonstrates to the Court the adequacy of its investigation and "what is and what is not in dispute in the claim."[6]   There is nothing in the Policy that requires this kind of exercise as a condition precedent to appraisal. *See* <u>Criswell v. European Crossroads Shopping Ctr., Ltd.</u>, 792 S.W.2d 945, 948 (Tex. 1990) ("In order to make performance specifically conditional, a term such as 'if', 'provided that', 'on condition that', or some similar phrase of conditional language must normally be included.").

The Court must apply the terms of the insurance contract as it is written. *See* <u>RSR Corp. v. International Ins. Co.</u>, 612 F.3d 851, 858 (5th Cir. 2010) ("Texas courts interpret insurance policies according to the rules of contractual construction. Texas courts give contractual terms 'their plain, ordinary, and generally

---

[5] *See* Document No. 18 at 9.

[6] *See* Document No. 18 at 17.

4

accepted meaning unless the instrument shows that the parties used them in a technical or different sense.'  Unambiguous contracts are enforced as written." (internal citations omitted)).  Here, where the appraisal clause is clear and unambiguous, grants to both the insured and the insurer the right to "demand an appraisal of the loss," and specifically states only one condition precedent to either party demanding appraisal, namely, a "fail[ure] to agree on the amount of loss," the Court cannot impose an additional condition precedent on either party.  Plaintiff's argument has no merit in fact or law.

Plaintiff's second contention is that if Hartford's appraisal demand is proper, then it is only Plaintiff's contract claims that should be abated, not the entire suit, because only mandatory appraisal clauses would constitute a precondition for filing suit, and this clause is "optional."  The appraisal clause (paragraph E as set forth above) appears under the heading **SECTION I - CONDITIONS**.[7]  While demanding appraisal is conditioned only upon a failure to agree on the amount of loss, Section I separately contains the following (as amended by the "Special Provisions - Texas"):

---

[7] *See* Policy at 23, 26.

5

**G.    Suit Against Us**

> No action can be brought against us unless there
> has been full compliance with all of the terms
> under Section I of this policy.   Action brought
> against us must be started within two years and one
> day after the cause of action accrues.[8]

In Vanguard Underwriters Insurance Co. v. Smith, the court
construed nearly identical "Appraisal" and "Suit Against Us"
clauses together to be "clear and unambiguous" in entitling the
insurer "to have the appraisal procedure followed and the
underlying suit abated until the completion of that procedure."
999 S.W.2d 448, 450-51 (Tex. App.--Amarillo 1999, no pet.).   Thus,
the court granted mandamus relief to the insurer, abating the suit
until completion of the appraisal.   Id.   The Texas Supreme Court
favorably cited Vanguard in noting that "appraisal is intended to
take place before suit is filed; this Court and others have held it
is a condition precedent to suit."   State Farm Lloyds v. Johnson,
290 S.W.3d 886, 894 (Tex. 2009).   Plaintiff contends that Johnson's
statement is in *dicta* and therefore not controlling,[9] but the Court
nonetheless finds it and Vanguard persuasive.   Abatement of the
entire case pending appraisal is therefore appropriate and in the

---

[8] Id. at 27 & "Special Provisions - Texas" at 5 of 8.

[9] *See* Document No. 18 at 20.

6

interest of the efficient and inexpensive administration of justice.[10]  Accordingly, it is hereby

ORDERED that Defendant Property and Casualty Insurance Company of Hartford's ("Hartford") Motion to Compel Appraisal and Order (Document No. 16) is GRANTED.  It is further

ORDERED that Plaintiff and Hartford shall each designate an appraiser within twenty (20) days after the date of this Order. The two appraisers shall agree upon an umpire within fifteen (15) days thereafter.  If they cannot agree, the parties may request the Court to designate an umpire.  Pending the conclusion of the appraisal, this action is ABATED.  Within fourteen (14) days after

---

[10] In fact, even if the appraisal clause were not a condition precedent to filing suit, abatement of the case pending appraisal would still be warranted and appropriate.  Appraisal will set the amount of loss conclusively, and may dispose of Plaintiff's breach of contract claims entirely.  *See* In re Allstate Cnty Mut. Ins. Co., 85 S.W.3d 193, 196 (Tex. 2002) (noting that "if the appraisal determines that the vehicle's full value is what the insurance company offered, there would be no breach of contract," and concluding that "[a] refusal to enforce the appraisal process here will prevent the defendants from obtaining the independent valuations that could counter at least the plaintiffs' breach of contract claim").  The appraisal may obviate the need for further litigation, with all of the burdens and costs of pretrial discovery and the like; and if not, then in due season what remains to be litigated can proceed with efficient focus by the parties upon the specific issues remaining.  *See, e.g.*, Liberty Nat'l Fire Ins. Co. v. Akin, 927 S.W.2d 627, 629 (Tex. 1996) ("[I]n most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract.").  Indeed, Plaintiff will have suffered no prejudice should she prevail in the appraisal process; her claims will remain intact.

the appraisal has been concluded, the parties shall provide to the Court a joint status report.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this <u>3rd</u> day of June, 2011.


_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE